IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | |
|---|---|
| Marie Assa'ad-Faltas, MD, MPH,  )  <br> ) <br> Plaintiff, ) <br> ) <br> vs. ) <br> ) <br> City of Columbia, SC; The City's Police ) <br> Department; Jean H. Toal; Dana ) <br> Elizabeth Davis Turner; Pamela Elaine ) <br> Jacobs Hawkins; Daniel E. Rickenmann; ) <br> David A. Fernandez; Robert G. Cooper; ) <br> CPD Officer T.R. Hampe; Roslyn W. ) <br> Frierson, Director of South Carolina's ) <br> Office of Court Administration; Reuben ) <br> Santiago, Interim CPD Chief; Teresa ) <br> Wislon,[1] Manager of the City; Alan ) <br> Wilson, Attorney General of South ) <br> Carolina, solely officially for injunctive ) <br> and declaratory relief; and other ) <br> presently-unknown persons and entities ) <br> who acted to injure Plaintiff from 9 ) <br> December 2010 to 4 February 2011, and ) <br> to also injure her on 8 April 2013, ) <br> ) <br> Defendants. ) <br> ) | C/A No.: 3:14-298-TLW-SVH <br><br><br><br><br><br><br><br><br><br> REPORT AND RECOMMENDATION |

Plaintiff Marie Assa'ad-Faltas, MD, MPH, proceeding pro se and in forma pauperis, alleges a violation of her constitutional rights under 42 U.S.C. § 1983 by the following defendants: City of Columbia, SC ("City"); The City's Police Department ("CPD"); Jean H. Toal ("Toal"); Dana Elizabeth Davis Turner ("Turner"); Pamela Elaine

---

[1] Plaintiff appears to have inadvertently misspelled Columbia City Manager Wilson's name in the caption. Her name is corrected in the body of this report and recommendation.

1

Jacobs Hawkins ("Hawkins"); Daniel E. Rickenmann ("Rickenmann"); David A. Fernandez ("Fernandez"); Robert G. "Bob" Cooper ("Cooper"); CPD Officer T.R. Hampe ("Hampe"); Roslyn W. Frierson, Director of South Carolina's Office of Court Administration ("Frierson"); Reuben Santiago, Interim CPD Chief ("Santiago"); Teresa Wilson, Manager of the City ("Manager"); Alan Wilson, Attorney General of South Carolina ("Wilson") (collectively "Defendants"). Pursuant to the provisions of 28 U.S.C. § 636(b), and Local Civil Rule 73.02(B)(2)(e) (D.S.C.), the undersigned is authorized to review such complaints for relief and submit findings and recommendations to the district judge. For the reasons that follow, the undersigned recommends that the district judge dismiss the complaint without prejudice and without issuance and service of process.

I.    Factual and Procedural Background

Plaintiff states that the instant complaint:

[A]ddresses **only** (a) malicious prosecution of Plaintiff for alleged refusal to return a jury list which belongs to her, which prosecution ended, thank God, in Plaintiff's favor on 4 February 2011; (b) renewed efforts to maliciously prosecute Plaintiff for contempt of court; (c) defamation of Plaintiff and obstruction of justice by Hampe on 8 April 2013; and (d) conspiracies to effect (a-c).

[Entry #1 at ¶ 4 (emphasis in original)].

Plaintiff believes Defendants' actions "aimed to deplete Dr. Assa'ad-Faltas' health, time, energy, reputation, and family resources, and cause her death if necessary, all to prevent her from exonerating herself after she was arrested, and if she exonerated herself (as she did, thank God, *pro se*), to prevent her from suing for damages and from exposing Defendants' wrong-doing." *Id.* at ¶ 11. Plaintiff includes several pages of

2

background information regarding her tumultuous relationship with her landlord and previous arrests and/or prosecutions for "front-yard parking" and harassment charges. *Id.* at ¶¶ 12–21. However, Plaintiff states that "[a]ll claims against Defendants herein and other defendants for the false arrest, imprisonment, and failed attempted false convictions of Dr. Assa'ad-Faltas of harassment, trespass, disorderly conduct, and shoplifting (all of which she was thank God, exonerated) **are reserved for other law suits**." *Id.* at ¶ 10 (emphasis in original).

Plaintiff seeks a declaration "that no lawyer in SC, other than the Attorney General and his appointees and the elected circuit solicitors and their appointees may prosecute a crime in SC's state courts," and an order enjoining "Fernandez from prosecuting in any SC state court." *Id.* at ¶ 57. Plaintiff further asks this court to "declare that Frierson is violating the U.S. Constitution and SC Constitution and law by acting both as an executive employee and a 'judge' and by accepting employment in an agency she is supposed to supervise and regulate, to order Frierson to resign as a [Columbia Municipal Court ("CMC")] judge, and to order her to conduct adequate oversight over CMC." *Id.* at ¶ 58. Plaintiff additionally requests: (1) a declaration that Hampe obstructed justice; (2) an order directing Santiago and Manager to discipline Hampe; (3) an order directing Toal and Wilson to ensure that only the "SC Attorney General or one of his appointees or a circuit solicitor or one of his appointees" may prosecute crimes in South Carolina; and (4) a declaration that the "CMC is not a court and to enjoin it to cease operations." *Id.* at ¶¶ 59–61. Plaintiff seeks monetary damages from: (1) Hampe for defamation; (2)

3

Fernandez, Turner, Cooper, and Rickenmann for malicious prosecution; and (3) Toal for denial of court access. *Id.* at ¶¶ 62–67.

II.  Discussion

   A.  Standard of Review

Plaintiff filed her complaint pursuant to 28 U.S.C. § 1915, which permits an indigent litigant to commence an action in federal court without prepaying the administrative costs of proceeding with the lawsuit. To protect against possible abuses of this privilege, the statute allows a district court to dismiss the case upon a finding that the action fails to state a claim on which relief may be granted or is frivolous or malicious. 28 U.S.C. § 1915(e)(2)(B)(i), (ii). A finding of frivolity can be made where the complaint lacks an arguable basis either in law or in fact. *Denton v. Hernandez*, 504 U.S. 25, 31 (1992). A claim based on a meritless legal theory may be dismissed *sua sponte* under 28 U.S.C. § 1915(e)(2)(B). *See Neitzke v. Williams*, 490 U.S. 319, 327 (1989).

Pro se complaints are held to a less stringent standard than those drafted by attorneys. *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978). A federal court is charged with liberally construing a complaint filed by a pro se litigant to allow the development of a potentially meritorious case. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). When a federal court is evaluating a pro se complaint, the plaintiff's allegations are assumed to be true. *Fine v. City of N.Y.*, 529 F.2d 70, 74 (2d Cir. 1975). The mandated liberal construction afforded to pro se pleadings means that if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so. Nevertheless, the requirement of liberal construction does not mean that

4

the court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 390–91 (4th Cir. 1990).

    B.    Analysis

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988). In addition, a plaintiff must affirmatively show that a defendant acted personally in the deprivation of his or her constitutional rights. *Vinnedge v. Gibbs*, 550 F.2d 926, 928 (4th Cir. 1977).

        1.    Lack of factual allegations  (City, CPD, Santiago, Manager, Wilson)

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Although the court must liberally construe a pro se complaint, the Unites States Supreme Court has made clear that a plaintiff must do more than make conclusory statements to state a claim. *See Ashcroft v. Iqbal*, 556 U.S. 662, 677–78 (2009); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Rather, the complaint must contain sufficient factual matter, accepted as true, to state a claim that is plausible on its face, and the reviewing court need only accept as true the complaint's factual allegations, not its legal conclusions. *Iqbal,* 556 U.S. at 678–79. In the present case, Plaintiff provides no factual allegations to demonstrate a violation of her constitutional rights by the following defendants in relation to the facts giving rise to

5

this complaint: City; CPD; Santiago; Manager; and Wilson. Thus, Plaintiff's claims against these individuals are subject to summary dismissal.

2. Improper defendants

a. Judicial immunity (Toal, Turner, Frierson, Hawkins)

Plaintiff names South Carolina Supreme Court Justice Toal and CMC Judges Turner and Frierson as defendants. It is well-settled that judges have absolute immunity from a claim for damages arising out of their judicial actions. *Mireless v. Waco*, 502 U.S. 9, 12 (1991); *Chu v. Griffith*, 771 F.2d 79, 81 (4th Cir. 1985) ("It has long been settled that a judge is absolutely immune from a claim for damages arising out of his judicial actions."). Judicial immunity is not pierced by allegations of corruption or bad faith, nor will a judge "be deprived of immunity because the action he took was in error, was done maliciously, or was in excess of his authority." *Stump v. Sparkman*, 435 U.S. 349, 356–57 (1978). Because judicial immunity is a protection from suit, not just from ultimate assessment of damages, *Mireless*, 502 U.S. at 11, defendants Toal, Turner, and Frierson are entitled to summary dismissal from the instant case for claims associated with their judicial actions.

Plaintiff alleges that defendants Turner and Toal "cannot claim immunity" and that Toal acted solely in "her administrative, not judicial" capacity in violating Plaintiff's right to self-representation and court access. [Entry #1 at ¶¶ 56, 66]. Plaintiff further lists defendant Frierson in the complaint's caption as the "Director of South Carolina's Office of Court Administration." It is true that "a judge's absolute immunity does not extend to actions performed in a purely administrative capacity." *Clinton v. Jones*, 520

6

U.S. 681, 694–95 (1997); *see also Forrester v. White,* 484 U.S. 219, 229–30 (1988). However, Plaintiff provides insufficient factual allegations to support her conclusory statement that any judicial defendant acted in a purely administrative capacity. *See Iqbal*, 556 U.S. at 678 ("A pleading that offers 'labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do . . . . [n]or does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'") (citation omitted). Therefore, to the extent Plaintiff's allegations against defendants Toal, Turner, and Frierson may be construed as administrative acts, Plaintiff's claims against these defendants are still subject to summary dismissal.

Additionally, it appears that Hawkins is part of the CMC court or chambers staff. [Entry #1 at ¶ 51]. As such, she is also entitled to immunity. "[B]oth courts and their staff are entitled to judicial immunity." *Honour v. Cooper*, 174 F. App'x 782 (4th Cir. 2006). Judicial immunity extends to judicial officers for judicial acts taken within the court's subject matter jurisdiction. *Stump v. Sparkman*, 435 U.S. 349, 356 (1978). Absolute quasi-judicial immunity extends to non-judicial officers "performing tasks so integral or intertwined with the judicial process that these persons are considered an arm of the judicial officer who is immune." *Bush v. Rauch*, 38 F.3d 842, 847 (6th Cir. 1994); *see also Lyle v. Jackson*, 49 F. App'x 492 (6th Cir. 2002) (finding that clerks were entitled to quasi-judicial immunity concerning prisoner's claims that they failed to provide him with requested copies of previous filings and transcripts). Here, Hawkins is subject to summary dismissal because she is entitled to absolute quasi-judicial immunity related to her scheduling of a rule to show cause hearing.

7

        b.      Prosecutorial immunity (Fernandez, Cooper, Wilson)

Prosecutors have absolute immunity for activities in or connected with judicial proceedings such as a criminal trial, bond hearings, bail hearings, grand jury proceedings, and pre-trial hearings. *See Buckley v. Fitzsimmons*, 509 U.S. 259 (1993); *Dababnah v. Keller-Burnside*, 208 F.3d 467 (4th Cir. 2000). Thus, Plaintiff's claims associated with her prosecution in state court by Fernandez and Cooper, attorneys for the City, are barred from suit under § 1983. Further, to the extent Plaintiff names Wilson for actions taken as the State of South Carolina's chief prosecutor, such claims are also subject to summary dismissal.

        iii.    Not a "person" (CPD)

It is well-settled that only persons may act under color of state law, *Monell v. Dep't. of Soc. Servs.*, 436 U.S. 658, 690 n.55 (1978), and CPD is not a person amenable to suit under § 1983. *See Singleton v. 10 Unidentified U.S. Marshals*, 2011 WL 4970779, C/A No. 2:11–1811–TLW–JDA, at *4 n.9 (D.S.C. Sept. 1, 2011) (collecting cases), *adopted by* 2011 WL 5005271 (D.S.C. Oct. 19, 2011). Further, CPD is not an independent entity subject to suit under § 1983. *See Martinez v. Winner*, 771 F.2d 424, 444 (10th Cir. 1985) (finding the Denver Police Department not a separate suitable entity); *McNeil v. Rock Hill Police Dept.*, C/A No. 0:12–1933–CMC–SVH, 2012 WL 6863917, at *2 (D.S.C. Dec. 27, 2012), *adopted by* 2013 WL 168050 (D.S.C. Jan. 16, 2013). Because CPD is not a separate entity or a person amenable to suit under § 1983, it should be summarily dismissed from this action.

3.     Malicious Prosecution (Fernandez, Turner, Cooper, Rickenmann)

Plaintiff alleges malicious prosecution by Fernandez, Turner, Cooper, and Rickenmann.  [Entry #1 at ¶¶ 4, 64–65].  "[I]t is not entirely clear whether the Constitution recognizes a separate constitutional right to be free from malicious prosecution." *Snider v. Seung Lee*, 584 F.3d 193, 199 (4th Cir. 2009).  However, to the extent such a right exists, as discussed above, Fernandez and Cooper are protected by prosecutorial immunity and Turner is protected by judicial immunity from Plaintiff's claims regarding her alleged prosecution for failure to return a jury list.  Plaintiff identifies Rickenmann as a juror whose name appeared on the jury list, but failed to show up for jury duty.  [Entry #1 at ¶¶ 28–33].  Plaintiff provides no facts to demonstrate that Rickenmann participated in the alleged malicious prosecution. Thus, Plaintiff's malicious prosecution claims are also subject to summary dismissal.

4.     Conspiracy (Fernandez, Turner, Cooper, Rickenmann, Hawkins)

Plaintiff alleges that Fernandez, Turner, Cooper, and Rickenmann conspired to maliciously prosecute Plaintiff for failure to return a jury list and "renewed efforts to maliciously prosecute Plaintiff for contempt of court."  [Entry #1 at ¶¶ 4, 64].  Plaintiff further claims defendants Fernandez, Turner, and Hawkins conspired to schedule a "rule to show cause" in a case currently on appeal.  *Id.* at ¶ 51.  Under 42 U.S.C. § 1983 and § 1985, an alleged conspiracy must be pled and proved by concrete facts, not mere conclusory allegations. *Simmons v. Poe*, 47 F.3d 1370, 1376–77 (4th Cir. 1995); *Buschi v. Kirven*, 775 F.2d 1240, 1248 (4th Cir. 1985).  In addition, the Supreme Court has held that, to establish a federal conspiracy claim under § 1985, a plaintiff must show that the

9

alleged conspiracy is motivated by "some racial, or perhaps otherwise class-based invidiously discriminatory animus." *Griffin v. Breckenridge*, 403 U.S. 88, 102 (1971); *see also Trerice v. Summons*, 755 F.2d 1081, 1085 (4th Cir. 1985). In the present action, Plaintiff provides no concrete facts to demonstrate that any defendant came to a mutual understanding, or acted "jointly in concert" to deprive her of any constitutional right. *See Hinkle v. City of Clarksburg, W. Va.*, 81 F.3d 416, 421 (4th Cir. 1996); *see also Ruttenberg v. Jones*, No. 07-1037, 2008 WL 2436157 (4th Cir. June 17, 2008). Thus, Plaintiff's allegations of a conspiracy arising under § 1983 or § 1985 are subject to summary dismissal.

        5.        Obstruction of Justice/Defamation (Hampe)

Plaintiff's alleges that Hampe "defamed Dr. Assa'ad-Faltas and obstructed justice by thwarting [her] examination of the jury list for an 11 April 2013 trial in which she was a defendant and by falsely claiming to the venire panel that [she] had been incarcerated for bothering jurors." [Entry #1 at ¶ 47]. The law prohibits two or more persons from obstructing justice by conspiring to: (1) influence a verdict; (2) injure any juror; or (3) impede, hinder, obstruct or defeat the due course of justice in any manner. 42 U.S.C. § 1985(2). Plaintiff provides no facts to demonstrate that Hampe conspired with any other person to harm any juror or obstruct the due course of justice. Further, while Plaintiff speculates that Hampe's actions "tainted the jury against [Plaintiff] and caused her false conviction of failure of property upkeep" [Entry #1 at ¶ 62], speculation and conjecture are insufficient to state a violation of her constitutional rights. *See United States v. Banks*, 370 F.2d 141, 145 (4th Cir. 1966) (speculative claim insufficient to support a

finding of actual prejudice in case alleging constitutional violation based on failure to provide a speedy trial); *Cochran v. Morris*, 73 F.3d 1310, 1317 (4th Cir. 1996) ("Specificity is necessary so that [defendants] are not required to file unnecessary responses to speculative allegations."). Thus, Plaintiff's obstruction of justice claims against Hampe are subject to summary dismissal.

Plaintiff's defamation claim against Hampe is a state-law cause of action. Because Plaintiff's federal claims are recommended for summary dismissal, the undersigned recommends the district judge decline to exercise supplemental jurisdiction over any state law cause of action alleged by Plaintiff. *See* 28 U.S.C. § 1367(c)(3); *see also United Mine Workers v. Gibbs*, 383 U.S. 715, 726 (1996); *Tigrett v. Rector and Visitors of the Univ. of Va.*, 290 F.3d 620, 626 (4th Cir. 2002) (affirming district court's dismissal of state law claims when no federal claims remained in the case).

III.    Conclusion and Recommendation

For the foregoing reasons, it is recommended that the complaint be dismissed without prejudice and without issuance and service of process.

IT IS SO RECOMMENDED.

February 27, 2014                                    Shiva V. Hodges
Columbia, South Carolina                             United States Magistrate Judge

**The parties are directed to note the important information in the attached "Notice of Right to File Objections to Report and Recommendation."**

11

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Robin L. Blume, Clerk
> United States District Court
> 901 Richland Street
> Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).