IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | |
|---|---|
| Marie Assa'ad-Faltas, MD, MPH, <br><br> PLAINTIFF <br><br> v. <br><br> City of Columbia, SC; The City's Police Department; Jean H. Toal; Dana Elizabeth Davis Turner; Pamela Elaine Jacobs Hawkins; Daniel E. Rickenmann; David A. Fernandez; Robert G. Cooper; CPD Officer T.R. Hampe; Roslyn W. Frierson, Director of South Carolina's Office of Court Administration; Reuben Santiago, Interim CPD Chief; Teresa Wislon,1 Manager of the City; Alan Wilson, Attorney General of South Carolina, solely officially for injunctive and declaratory relief; and other presently-unknown persons and entities who acted to injure Plaintiff from 9 December 2010 to 4 February 2011, and to also injure her on 8 April 2013, <br><br> DEFENDANTS | Case No. 3:14-cv-298-TLW <br><br><br><br><br> **Order** |

Plaintiff Marie Assa'ad-Faltas, MD, MPH, proceeding *pro se*, filed this civil action under 42 U.S.C. § 1983, alleging violations of her constitutional rights. The matter now comes before the Court for review of the Report and Recommendation ("R&R") filed on February 27, 2014 by Magistrate Judge Hodges, to whom this case was assigned. (Doc. #10.) In the R&R, the magistrate judge recommends that the Complaint be dismissed without prejudice and without issuance and service of process. Plaintiff filed objections to the R&R on March 17, 2014. (Doc. #12.) This matter is now ripe for decision.

In reviewing the R&R, the Court applies the following standard:

The magistrate judge makes only a recommendation to the Court, to which any

1

> party may file written objections . . . . The Court is not bound by the recommendation of the magistrate judge but, instead, retains responsibility for the final determination. The Court is required to make a de novo determination of those portions of the report or specified findings or recommendation as to which an objection is made. However, the Court is not required to review, under a de novo or any other standard, the factual or legal conclusions of the magistrate judge as to those portions of the report and recommendation to which no objections are addressed. While the level of scrutiny entailed by the Court's review of the Report thus depends on whether or not objections have been filed, in either case the Court is free, after review, to accept, reject, or modify any of the magistrate judge's findings or recommendations.

*Wallace v. Hous. Auth. of City of Columbia*, 791 F. Supp. 137, 138 (D.S.C. 1992) (citations omitted).

In light of the standard set forth in *Wallace*, the Court has reviewed, *de novo*, the R&R and the objections. After careful review of the R&R and the objections, for the reasons stated by the magistrate judge, the R&R is **ACCEPTED**. Plaintiff's objections are **OVERRULED**. Plaintiff's Complaint is hereby **DISMISSED WITHOUT PREJUDICE**.

Additionally, Plaintiff has filed a motion to certify a question to the South Carolina Supreme Court. (Doc. #15.) In light of the Court's ruling above, this motion is **DENIED AS MOOT**.

**IT IS SO ORDERED**.

    *s/ Terry L. Wooten*
    Terry L. Wooten
    Chief United States District Judge

September 25, 2014
Columbia, South Carolina